IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DENNIS H. SMITH,

    Petitioner,

vs.

                                      CASE NO. 4:09cv47-RH/WCS

KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Dennis H. Smith pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his convictions for felony theft and felony battery in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2004-CF-3214. *Id*. Respondent filed an answer and the record in paper form. Doc. 12. References herein to exhibits are to the record in paper form.

---

[1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

Petitioner filed a traverse. Doc. 13. Respondent has shown by calculation of proceedings in state court that the petition was timely filed, and does not argue otherwise. Doc. 12, p. 5; doc. 25, p. 5.

**Motions to amend**

Petitioner attempted to file an amended petition several times. Docs. 14, 18, 21, 23. The motions have been denied. Docs. 15, 20, 24, and 26. As explained in my last order, I planned to incorporate that order into this report and recommendation to the district judge and do so now:

> The original § 2254 petition raised eight grounds for relief; Petitioner now seeks leave to amend to raise ground nine. Docs. 1, 18, 23.
>
> As set forth by Respondent, ground nine is an entirely new claim which does not relate back to the grounds raised in the timely filed § 2254 petition. Doc. 25, pp. 10-11(summarizing all nine grounds). *See* Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). Further, the state court rejected the claim as both untimely and as a second or successive claim. *Id.*, pp. 5-9. Even if timely, Petitioner would have to show cause and prejudice for these procedural defaults. Amendment appears futile as well as untimely, and the motion to amend should be denied.

Doc. 26.

Respondent sets forth the procedural history of this new claim. The trial court ruled that the new claim, raised in a second Rule 3.850 motion, was procedurally barred (beyond two years and a successive Rule 3.850 motion) and, alternatively, was without merit. Doc. 25, pp. 6-7 (summarizing trial court's rulings). This court must honor that procedural bar ruling even though the state court ruled in the alternative.

> Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a

> state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

Harris v. Reed, 489 U.S. 255, 264, n. 10, 109 S.Ct. 1038, 1044, n. 10, 103 L.Ed.2d 308 (1989).

Further, the claim is new and untimely filed. It alleges that counsel was ineffective for failure to argue that Petitioner's prior conviction was insufficient to enhance his current conviction of battery to a felony. Doc. 18, pp. 22-28. It does not relate back to any of the original eight claims because the facts are entirely different. Doc. 1; Mayle v. Felix, 545 U.S. 644 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005). The last motion to amend, doc. 23, should be denied for these reasons.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[2]

---

[2] If no constitutional claims are raised, then §2254 is inapplicable and the exhaustion inquiry is irrelevant. Engle v. Isaac, 456 U.S. 107, 120, n. 19, 102 S.Ct. 1558, 1567, n. 19, 71 L.Ed.2d 783 (1982).

If a claim was not fairly presented but is procedurally barred from further state court review,[3] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

If the state court reached the merits of the federal claim, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146  L.Ed.2d 389 (2000); Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000).  "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."  Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1400, 179 L.Ed. 2d 557 (2011); Holland v. Jackson, 542 U.S. 649, 652, 124 S.Ct. 2736, 2738, 159

---

[3] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available."  The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default.  See O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

L.Ed.2d 683 (2004) ("[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it."). Further,

> . . . a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

§ 2254(e)(1); Fugate v. Head, 261 F.3d 1206, 1215 and n. 11 (11th Cir. 2001) (citation omitted).

For an ineffectiveness of counsel claim, the "clearly established" standard is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, "[a] convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. Petitioner has a heavy burden, as he must show that "no competent counsel would have taken the action that his counsel did take." Fugate, 261 F.3d at 1217 (citation omitted). There are no rigid requirements or absolute duty to investigate a particular line of defense, and "more is not always better." Id. (citations omitted).

Even if Petitioner can show deficient performance, he must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

**Legal Analysis**

    **Grounds One through Three and Five through Eight**

Respondent concedes that the eight grounds presented to this court were presented to the state court in Petitioner's Rule 3.850 motion and denied after an evidentiary hearing, but Petitioner failed to appeal that denial as to each of these grounds.  Doc. 12, pp. 9-10.  In his brief on appeal, Petitioner's attorney summarized the eight 3.850 claims and the trial court's rulings, but chose to argue only ground four, that Petitioner's attorney was ineffective for failing to discover video and telephone call evidence.  Ex. S, pp. i, 12-16..

The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, *supra*, applies to post-conviction review as well, and a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1458 (2006) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing Coleman); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("Boerckel applies to the state collateral review process as well as the direct appeal process").

On appeal from denial of a post conviction motion in Florida, the movant must present arguments to support the points on appeal in his brief, and a failure to do so waives the claims.  Atwater v. Crosby, 451 F.3d 799, 809-810 (11th Cir. 2006).  *See,*

Sweet v. State, 810 So. 2d 854, 870 (Fla. 2002) ("because on appeal Sweet simply recites these [additional ineffectiveness] claims from his postconviction motion in a sentence or two, without elaboration or explanation, we conclude that these instances of alleged ineffectiveness are not preserved for appellate review."), *citing* Shere v. State, 742 So. 2d 215, 217 n. 6 (Fla. 1999) (heading in the brief asserting that trial court erred in summarily denying 19 of 23 claims raised in the Rule 3.850 motion, where no argument was made as to the grounds of error, was insufficient and claims were deemed abandoned) (citation omitted); Duest v. Dugger, 555 So.2d 849, 851-52 (Fla.1990) (reference to arguments raised in post conviction motion was insufficient; "[t]he purpose of an appellate brief is to present arguments in support of the points on appeal.  Merely making reference to arguments below without further elucidation does not suffice to preserve issues," so they were deemed waived).

   Thus, Petitioner did not fairly present to the state appellate court the merits of grounds one through three and five through eight as presented in this petition.

   Petitioner has not shown cause for his procedural default.  Petitioner had no right to counsel beyond his first appeal, and so attorney error in the Rule 3.850 proceeding or the appeal therefrom cannot constitute cause for his default.  Coleman v. Thompson, 501 U.S. 722, 756-57, 111 S.Ct. 2546, 2567,115 L.Ed.2d 640 (1991).  Moreover, before it can constitute cause for a default, the ineffectiveness of appellate counsel claim itself must be properly exhausted and not defaulted, which is not shown here.  Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1591-92, 146 L.Ed.2d 518 (2000).  Nor has Petitioner shown that he is actually innocent as a gateway showing to excuse

procedural default.[4]  This court cannot reach the merits of grounds one through three and five through eight.

**Ground Four**

Petitioner contends that his trial attorney was ineffective for failing to investigate and obtain exculpatory evidence, video and telephone call evidence.  Doc. 1, p. 9. Respondent addresses the merits of this claim, acknowledging that it was presented in the Rule 3.850 motion and on appeal.  Doc. 12, p. 23.

The trial court denied both claims after an evidentiary hearing.  The Rule 3.850 court made the following findings of fact and conclusions of law:

> Ground four, trial counsel was – the allegation is trial counsel was ineffective for failing to perform an adequate investigation.  This boils down to whether he should have subpoenaed phone records from Albertson's to verify whether or not an employer called.  Mr. Smith testified that one of the store employees called his employer to verify his employment at a car dealership. The store employee said he did not.
>
> That also goes to the issue of the store had security cameras.  One thing not pointed out in Mr. Smith's motion, but I picked up from reading the transcript [trial transcript], is the store security cameras appeared to be focused primarily in the cash register area, and there's no testimony that the security cameras, if operating, cover the whole store.

---

[4] The standard of proof for actual innocence as an excuse a procedural default is strict.

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.   Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995).  A petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327, 115 S.Ct. at 867.

Case No. 4:09cv47-RH/WCS

> But in any event, two of the store employees both testified under oath that the cameras were not working at the time and were not working for sometime afterwards. There is no evidence in here that has been provided to me that indicates that they were lying, that they were committing perjury. And that there's no evidence to indicate if Mr. Arrowood – to be honest with you, essentially, if he had gone on some wild goose chase, chasing down a camera repair man, there's no evidence before me that he would have found anything, other than diverting a large amount of his time away from the true focus of the case, is that Mr. Smith was caught inside the store, there were multiple eyewitnesses, and he confessed to, at least, putting the bottle in his pants.
>
> So, in checking out the phone records – there's always, again, something you could do that you didn't do. But checking out the phone records is not in the category of being outside the realm of legitimate strategy and use of time in trying to stay focused on the more fruitful and substantive issues of defense.
>
> And even if he had shown that he didn't or he did call the employer, as I read the trial testimony, there were some – it didn't seem all that clear to me that he, according to Mr. Smith's testimony, that he intended to call the employer for anything other than to just to verify that he worked there. I don't think Mr. Smith testified at trial that he told the employer that if he did have a job there, he was going to let him go with a trespass warning. I didn't pick that up in the transcript. And, again, the transcript will speak for itself.
>
> I just don't find that failure to check employer records and check camera records violates the first prong of the Strickland test. And even if it does violate the first prong, which I don't think it does, I don't see how it would violate the second prejudice prong, because there's no indication to me that there would have been anything found that would have changed the ultimate outcome of the trial.
>
> Again, on all of these points and all of these grounds, I accept Mr. Arrowood's – I'm sorry, Mr. Arrowood's name seems to keep escaping me. But I accept Mr. Arrowood's testimony as being legitimate and his reasons given strike me as being within the range of sound trial strategies.
>
> For every lawyer who tries a case, there's a different way to try a case. And what works for one lawyer may not work for another lawyer. And differences in strategy, differences in handling cases does not equate to ineffective counsel. So I deny ground four.

Ex. P, pp. 73-75.

Petitioner argues that his attorney was ineffective because he failed to determine whether the surveillance video cameras were working in the store (Albertson's) where he stole the bottle of vodka. Doc. 1, p. 9. Petitioner does not allege, however, that there *was* video evidence that would have shown him in the area of the theft and would have been exculpatory. Consequently, this allegation of ineffectiveness is facially insufficient, and the court need not jump through the usual hoops to say so.[5]

The second claim is similarly insufficient. The gist is that the Albertson's security manager called Petitioner's employer to verify that he had employment. Doc. 1, p. 9. Petitioner argues that had his attorney presented evidence of that telephone call at trial, it would have shown that he was tricked into confessing to gain his release with only a trespass warning. *Id.*, p. 10.

The matter was already in evidence from Petitioner's own testimony. Petitioner testified that the Albertson's manager called the car dealership and learned that Petitioner was "over finance and marketing," and that Petitioner then untruthfully admitted he had stolen the vodka "to keep this from going any further." Ex. B, pp. 128-129. Petitioner testified: "What happened was after he called my job – and he went into this convincing spiel, like he was really on my side. So I thought about it. I said, well, to avoid this to get any worse, I'll confess to it." *Id.*, p. 129. Additional evidence about this telephone call was not needed.

---

[5] For example, a defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to state a claim of ineffective assistance of counsel. See Aldrich v. Wainwright, 777 F.2d 630, 636-37 (11th Cir.1985), *cert. denied*, 479 U.S. 918 (1986); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir.1990), *cert. denied*, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir.1990), *cert. denied*, 502 U.S. 826 (1991).

Further, it was highly unlikely that the jury would have concluded that Petitioner had falsely confessed because he thought he would be allowed to leave without charges after the Albertson's manager learned about his employment. As Respondent points out, Petitioner had three convictions for dishonesty and thirteen prior felony convictions,[6] and the jury knew that,[7] and this theft was seen by a witness.[8] Doc. 12, p. 30. Verification of employment had little to do with guilt or incentive to confess untruthfully.

In summary, Petitioner has not shown that the state court's adjudication of the merits of the federal ineffective assistance of counsel claim has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or has "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) and (2). Thus, ground four is without merit.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

---

[6] Ex. B (trial transcript), p. 19.

[7] Ex. B, pp. 128, 130.

[8] Ex. B, pp. 39-40.

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that the Court **DENY** Petitioner's last motion to amend, doc. 23, **DENY WITH PREJUDICE** this petition for writ of habeas corpus filed by Dennis H. Smith pursuant to 28 U.S.C. § 2254, challenging his convictions for felony theft and felony battery in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2004-CF-3214, and **DENY** a certificate of appealability pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2011.


        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Case No. 4:09cv47-RH/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**